UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Edward J. Decker | CASE NO: 20-2404<br>**DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 9/1/2021, I did cause a copy of the following documents, described below,

Decker Plan 3 BW Notice

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 9/1/2021

/s/ Mark E. Moulton
Mark E. Moulton  89064

Moulton & Moulton, PC
693 route 739
Hawley, PA  18428
570 775 9525

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Edward J. Decker

CASE NO: 20-2404

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 9/1/2021, a copy of the following documents, described below,

Decker Plan 3 BW Notice

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 9/1/2021

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mark E. Moulton
Moulton & Moulton, PC
693 route 739
Hawley, PA  18428

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO

| | | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>03145<br>CASE 5-20-BK-02404-HWV<br>MIDDLE DISTRICT OF PENNSYLVANIA<br>WILKES-BARRE<br>MON APR 5 11-26-15 EDT 2021 | ALLY FINANCIAL<br>PO BOX 13625<br>PHILADELPHIA PA 19101-3625 | ASHLEY FUNDING SERVICES LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 |
| BON SECOURS<br>400 RELLA BOULEVARD STE 308<br>SUFFERN NY 10901-4256 | DAVE DWORETZKY LAWNCARE INC<br>1 MCNAMARA LANE<br>GOSHEN NY 10924-6104 | CHARLES J DEHART III TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 |
| EDWARD J DECKER<br>145 TWIN LAKES DRIVE<br>SHOHOLA PA 18458-4545 | DISCOVER CC<br>PO BOX 15316<br>WILMINGTON DE 19850-5316 | JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| LSF9 MASTER PARTICIPATION TRUST<br>CO CALIBER HOME LOANS<br>13801 WIRELESS WAY<br>OKLAHOMA CITY OK 73134-2500 | LSF9 MASTER PARTICIPATION TRUST<br>CO MCCABE WEISBERG CONWAY LLC<br>SUITE 1400<br>123 SOUTH BROAD STREET<br>PHILADELPHIA PA 19109-1060 | LABCORP<br>PO BOX 2240<br>BURLINGTON NC 27216-2240 |
| LAW OFFICE ALAN R ACKERMAN<br>1719 ROUTE 10 EAST STE 106<br>PARSIPPANY NJ 07054-4519 | LAUREN MARIE MOYER<br>MCCABE WEISBERG CONWAY LLC<br>123 S BROAD ST<br>SUITE 1400<br>PHILADELPHIA PA 19109-1060 | NBT BANCORP INC<br>52 SOUTH BROAD STREET<br>NORWHICH NY 13815-1699 |
| NJ DOL WD<br>PO BOX 399<br>TRENTON NJ 08625-0399 | NY STATE DEPT OF TAXATION FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY NY 12205-0300 | NEWTON SPARTA PROPERTY LLCDUNKIN<br>25 RT 206S<br>STANHOPE NJ 07874-3264 |
| PA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG PA 17128-0946 | PIKE COUNTY TAX CLAIM BUREAU<br>502 BROAD ST<br>MILFORD PA 18337 | SAGAMORE ESTATES PROPERTY OWNERS ASSOC<br>PO BOX 313<br>MEDIA PA 19063-0313 |
| STEPHANIE DECKER<br>145 TWIN LAKES DR<br>SHOHOLA PA 18458-4545 | TEA OLIVE LLC<br>PO BOX 1931<br>BURLINGAME CA 94011-1931 | ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~228 WALNUT STREET SUITE 1190~~<br>~~HARRISBURG PA 17101-1722~~ |
| VERIZON<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | | |

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

Edward J. Decker

Debtor(s)

Chapter: 13

Case No.: 5:20-02404

## **NOTICE**

The confirmation hearing on the 3rd Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 10/06/2021    Time: 09:30

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 09/29/2021.

**For cases before the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 09/01/2021    Filed by: Mark E. Moulton, Esq

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Edward J. Decker

Debtor(s)

CHAPTER: 13

CASE NO. 5: 20-bk-02404

ORIGINAL PLAN
3rd    AMENDED PLAN (indicate #)
**Enter # 0** Number of Motions to Avoid Liens
**Enter # 0** Number Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | X Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**
   A. **Plan Payments From Future Income**
      1. To date, the Debtor paid $ 5,585.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 84,451.73 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/20 | 08/21 | 429.61 | -0- | 429.61 | 5,584.93 |
| 09/21 | 07/22 | 800.00 | -0- | 800.00 | 8,800.00 |
| 08/22 | 07/25 | 1,946.30 | -0- | 1,946.30 | 70,066.80 |
|  |  |  |  | Total Payments: | 84,451.73 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. *Check One:*
      ☑ Debtor is at or under median income.

   B. **Additional Plan Funding From Liquidation of Assets/Other**
      1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

      *Check one of the following two lines:*
      X    No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2. **SECURED CLAIMS.**
   A. **Pre-Confirmation Distributions.** *Check One:*

      ☑ None.

B.  **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**  *Check One:*

  X  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last 4 Digits of Account Number |
|---|---|---|
| LSF9 Master Participation Trust | 143 Twin Lakes Drive, Shohola | 4536 |

C.  **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).**  *Check One:*

  ☐  None.

X  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| LSF9 Master Participation Trust | 143 Twin Lakes Drive, Shohola | 60,163.36 | 8,800.00 | 68,963.36 |
| Pike County Tax Claim Bureau | 145 Twin Lakes Drive, Shohola | 1,081.00 | -0- | 1,081.00 |

D.  **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**  *Check One:*

  ☑  None.

E.  **Secured claims for which a § 506 valuation is applicable.**  *Check One:*

  ☑  None.

F.  **Surrender of Collateral.**  *Check One:*

  ☑  None.

G.  **Lien Avoidance.**  *Do not use for mortgages or for statutory liens, such as tax liens.*  *Check One:*

  ☑  None.

Rev 12/01/19

3. **PRIORITY CLAIMS.**
   A. **Administrative Claims**
      1. <u>Trustee's Fees</u>.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
      2. <u>Attorney's fees</u>. Complete only one of the following options:
         a. In addition to the retainer of $ 1,200.00 already paid by the Debtor, the amount of $ 2,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

         b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*
         ☑ None.

   B. **Priority Claims (including certain Domestic Support Obligations).**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Sagamore Estates POA | 4,700.00 |

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one:*
      ☑ None.

4. **UNSECURED CLAIMS.**
   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*
      ☑ None.

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*
   ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**
   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   X  plan confirmation.

4

Case 5:20-bk-02404-MJC    Doc 67    Filed 09/01/21    Entered 09/01/21 09:51:14    Desc
                         Main Document    Page 8 of 9

    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

Then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None


Dated: August 31, 2021                                s/Mark E. Moulton
                                                     Attorney for Debtor

                                                     s/ Edward J. Decker
                                                     Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.